IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE R. TORRES,

        Plaintiff,                      No. CIV S-06-2569 DFL EFB P

        vs.

UNKNOWN,

        Defendant.                 FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se. On December 12, 2006, the court ordered that, within 30 days, plaintiff was to submit either the filing fee for this action or an application to proceed in forma pauperis. On March 28, 2007, the court again ordered plaintiff to submit the required certified trust account statement. The order was duly served by mail on plaintiff but was returned by the U. S. Postal Service as undeliverable.

        Plaintiff has violated Local Rule 83-183(b), which requires a *pro se* party to "keep the Court and opposing parties advised as to his or her current address."

        Local Rule 83-183(a) warns *pro se* parties they are bound by the Local Rules and that failure to comply may be ground for dismissal. Rule 83-183(b) warns that if a *pro se* plaintiff fails to notify the court and opposing parties of an address change within 60 days after mail directed to him is returned, the court may dismiss the action.

More than 60 days have passed since the order served upon plaintiff by mail was returned by the Postal Service.

Before dismissing an action for violation of a local rule, the court is required to weigh (1) the public interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) the public policy favoring disposition of cases on their merits, and (5) availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995). Dismissal is appropriate where four factors support it or three factors strongly support it. *Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998).

Here, all factors support dismissal. The first two factors, the public interest in expeditious resolution of litigation and the court's need to manage its docket, always weigh in favor of dismissal. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). The delay is already substantial and presumptively prejudices defendants. *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986) ("unreasonable delay creates a presumption of injury to the defense").

The public policy favoring disposition of cases on their merits ordinarily weighs against dismissal but here plaintiff's failure to provide an address or telephone number make it impossible to reach the merits. *See Valley Engineers, Inc., v. Electrical Engineering*, 158 F.3d 1051, 1056-57 (9th Cir. 1998).

The fifth and last factor requires the court identify and consider less drastic sanctions, including a warning, fine or imposition of costs or fees. Warning a plaintiff that failure to obey a court order will result in dismissal satisfies the requirement the court consider the alternatives. *See Buss v. Western Airlines, Inc.*, 738 F.2d 1053, 1054 (9th Cir. 1984), *cert. denied*, 469 U.S. 1192 (1985). Here, plaintiff has been warned that failure to obey court orders may result in dismissal of his action and imposing fines or attorney fees would be wholly impracticable because plaintiff proceeds *pro se* and *in forma pauperis*. Thus, the only alternatives left untried are infeasible.

/////

1  For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
2 dismissed without prejudice.
3  These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 DATED: May 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE